UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALEXANDRA CIAMPA,

                                 Plaintiff,                      **<u>MEMORANDUM AND ORDER</u>**
                                                              14 CV 2989 (DRH) (SIL)

          - against -

OXFORD HEALTH INSURANCE, INC.,

                                 Defendant.
----------------------------------------------------------X
**APPEARANCES:**

**EDWARD J BOYLE**
Attorneys for Plaintiff
500 Manhasset Woods Road
Manhasset, NY 11030
By:     Edward Joseph Boyle, Esq.

**SEDGWICK LLP**
Attorneys for Defendant
225 Liberty Street, 28th Floor
New York, NY 10281
By:     Michael Bernstein, Esq.


**HURLEY, Senior District Judge:**

       Plaintiff Alexandra Ciampa ("plaintiff" or "Ciampa") brings this action against defendant

Oxford Health Insurance, Inc. ("defendant" or "Oxford"), pursuant to the Employment

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Although

plaintiff claims that her Complaint is brought "under 29 U.S.C. § 1132(a)(1)(B) and (a)(3) of

ERISA," (Compl. ¶ 4), she specifically enumerates only claims of breach of contract, negligence,

and breach of fiduciary duty pursuant to 29 U.S.C. § 1104. Presently before the Court is

defendant's motion to dismiss these claims pursuant to Federal Rule of Civil Procedure ("Rule")

12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

The following facts are taken from plaintiff's Complaint and are presumed to be true for purposes of defendant's present Motion.[1]

At all relevant times, Ciampa was insured by Oxford through Ciampa Management Corporation, her husband's employer. In 2012, it became apparent that plaintiff required back surgery. Plaintiff retained Dr. Patrick O'Leary, an "out of network" physician, to perform the surgery. Plaintiff applied for pre-approval from Oxford for the surgery. In a letter dated November 28, 2012, Oxford sent plaintiff a letter in which it reviewed the proposed surgery and approved certain procedures.

After the surgery, plaintiff received a $59,000 bill from the surgeon and a $9,545 bill from the anesthesiologist, totaling $68,545. To date, Oxford has paid $5,645.19 of this amount. There is no dispute that the Certificate of Coverage for plaintiff's plan states that "the out-of-network reimbursement amount is based on 140% of Medicare, a gap methodology or 50% of the billed changes" and states that "Payment Determination Will Be Made Upon Receipt of a Claim." (Compl. ¶ 12.) Ciampa claims, however, that "since Ciampa Management Corporation was paying the $4,100 a month premiums for family medical coverage and since Plaintiff received pre-approval for this sophisticated surgery, there was no basis for Ciampa to interpret [Oxford's] communications or its [Summary Plan Description] in any manner to prepare her for a reimbursement of only $5,645.19, leaving her with personal responsibility for nearly $63,000." (*Id.* ¶ 18.)

---

[1] Both parties attach to their submissions documents that were not attached to plaintiff's Complaint, however, the Court has not considered these in its analysis.

Following receipt of the reimbursement, Ciampa exhausted all administrative remedies with Oxford. In the decision on Ciampa's second and final appeal, Oxford denied Ciampa's appeal determining that her claim "was correctly paid in accordance with [Ciampa's] out-of-network benefits and no additional reimbursement [would] be made." (Letter from Oxford dated Jan 17, 2014, Ex. B to Compl. at 1.) Moreover, Oxford explained that it reimbursed her "using 140% of [the] Medicare" rate of reimbursement. (*Id*. at 2.)

## DISCUSSION

### I. <u>*Standard of Review for Motion to Dismiss*</u>

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided

further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. *Plaintiff's State Law Claims for Breach of Contract and Negligence*

Plaintiff alleges that she was "the intended third party beneficiary of a contract for medical benefits between [Oxford] and Ciampa Management Corporation" (Compl. ¶ 20) and that there were "covenants of good faith and fair dealing due Ciampa under his medical contract

(*Id.* ¶ 22) that Oxford breached "[a]s a result of its failure to initially advise her of the low level of coverage available to her if she proceeded with the intended operation, or to reimburse Ciampa at a fair and reasonable manner, or to even address her appeal in a professional manner." (Compl. ¶ 27). Additionally, plaintiff claims that Oxford was negligent in that it breached its duty to its insured "to communicate clearly the coverage being provided" (Compl. ¶ 30) by withholding information about the coverage it would be providing to plaintiff for her surgery. As a result of both Oxford's breach of contract and negligence, plaintiff claims that Oxford should reimburse her for her remaining $62,900 in medical bills.

Oxford argues that the breach of contract and negligence state law claims should be dismissed because "claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a)." (Def.'s Mem. in Supp. at 7.) In her opposition papers, plaintiff "concede[s] that [ERISA] precludes the separate assertion of state law claims." (Pl.'s Mem. in Opp'n at 8.) Although plaintiff claims that this concession "is far from fatal to [her] Complaint," she does not explain the basis for this assertion. In fact, the portion of her brief discussing her claims is completely devoid of any legal authority. Moreover, to the extent she maintains that she is entitled to relief under § 502(a)(1)(B), her claim must fail. That section provides that a participant in or beneficiary of an ERISA employee benefit plan may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "To prevail under § 502(a)(1)(B), a plaintiff must show that: (1) the plan is covered by ERISA; (2) the plaintiff is a participant or beneficiary of the plan; and (3) the plaintiff was wrongfully denied a benefit owed under the plan." *Guerrero v. FJC Sec. Servs. Inc.,* 423 F. App'x 14, 16 (2d Cir. 2011). Even assuming that plaintiff has alleged the first and second elements, she has

not plausibly alleged that she was wrongfully denied a benefit owed under the plan. Ciampa's claims are limited to the assertion that Oxford "fail[ed] to initially advise her of the low level of coverage available to her if she proceeded with the intended operation," to reimburse her in a "fair and reasonable manner," and to "address her appeal in a professional manner." (Compl. ¶ 27.) Plaintiff, however, has not alleged any facts to suggest that Oxford miscalculated her benefits or did not provide the appropriate amount of coverage in accordance with her plan. Plaintiff's repeated assertion that Oxford did not provide "first class" coverage is insufficient to state a claim pursuant to 29 U.S.C. § 1132(a). As a result, to the extent plaintiff's breach of contract and negligence claims can be construed as claims pursuant to ERISA § 502(a)(1)(B), those claims are dismissed.

### III.    *Plaintiff's Claim for Breach of Fiduciary Duty*

Plaintiff claims that Oxford breached its fiduciary duty by "fail[ing] to properly interpret and administer and communicate with the insured concerning the provisions of the plan as required by 29 U.S.C. § 1104." (Compl. ¶ 40.) As a direct and proximate cause of that breach, plaintiff seeks "reasonable reimbursement for out-of-network surgery [in the amount] of $62,900." (*Id*. at 44.) Section 1104 provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." The Second Circuit has stated that a plaintiff may enforce this section pursuant to "ERISA § 502(a)(3), which allows plan participants, beneficiaries or fiduciaries to bring a civil action 'to enjoin any act or practice which violates any provision of this subchapter or terms of the plan, or . . . to obtain other appropriate equitable

relief.' " *Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001) (citing 29 U.S.C. § 1132(a)(3)); *Curran v. Aetna Life Ins. Co.*, 2013 WL 6049121, at *7 (S.D.N.Y. Nov. 15, 2013). "Section 502(a)(3) acts as a 'safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.' " *Curran*, 2013 WL 6049121, at *7 (citing *Parity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Moreover, "[c]ompensatory damages, even if they resulted from a breach of fiduciary duty, are not recoverable as equitable relief under § 1132(a)(3)." *Del Greco v. CVS Corp.*, 337 F. Supp. 2d 475, 489 (S.D.N.Y. 2004). Here, plaintiff has not plead that she is entitled to any equitable relief, but solely monetary "reimbursement" for her medical bills. As a result, her fiduciary duty claim must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted in its entirety. The Court notes that on August 1, 2014, the Court directed plaintiff to notify it on or before August 5, 2014 whether it intended to make a motion to amend the Complaint. Plaintiff failed to abide by that Order. Moreover, plaintiff has not requested leave to amend in its papers submitted on this motion. As a result, plaintiff's claims are dismissed with prejudice. Furthermore, plaintiff's request for attorney's fees is denied.


**SO ORDERED.**

Dated: Central Islip, New York
          May 13, 2015


                                    _____/s/_____
                                    Denis R. Hurley
                                    Unites States District Judge

7